CASE 107—MANDAMUS.

# Finley, Secretary of State v. Stone, Auditor.

APPEAL FROM FRANKLIN CIRCUIT COURT.

(Opinion December 13, 1898; petition for a rehearing overruled June 13, 1899.)

SECRETARY OF STATE—COMPENSATION.—Under the act of April 6, 1893, entitled "An act concerning the Secretary of State" which provided that after the first Monday in January, 1896, the Secretary of State should "receive an annual salary of three thousand dollars . . . . and no fees or perquisites," the compensation of one thousand dollars allowed him by section 272 of an act of April 5, 1893, entitled "An act providing for the creation and regulation of private corporations"as amended by the act of July 1, 1893, was abolished; and after the first Monday of January, 1896, he was entitled to the sum of three thousand dollars and no more. *

WM. H. HOLT FOR THE APPELLANT.

The Legislature did not intend by the act of April 6, 1893, to abolish the compensation of one thousand dollars allowed the Secretary of State by the act providing for the creation and regulation of private corporations. Acts of 1891-2-3, pp. 612; 731-2-3-4-5; 1257-1264; Constitution, secs. 96, 246; 21 Am. & Eng. Ency. of Law, 443.

SAME COUNSEL IN A PETITION FOR A REHEARING.

W. S. TAYLOR, ATTORNEY-GENERAL, FOR THE APPELLEE.

After the first Monday in January, 1896, the special compensation of a thousand dollars allowed the Secretary of State by the act regulating the creation and conduct of private corporations was abolished by the act of April 6, 1893, concerning the Secretary of State. Constitution, secs. 91, 93, 95, 96; sec. 272, chap. 171, act April 5, 1893, p. 734, secs. 1 and 9, chap. 173; act April 6, 1893, p. 735; act July 1, 1893, chap. 243, p. 1264; acts 1891-2-3.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

April 5, 1893, "An act providing for the creation and regulation of private corporations," became a law without the approval of the Governor. By section 271 of that

act it was provided that for each license issued to an agent, and for each certificate to do business in this State, there should be paid the Secretary of State twenty-five dollars, and for each annual report there should be paid to the Secretary of State by the corporation or association making the same ten dollars. Section 272 is as follows: "All fees collected by the Secretary of State under this article shall be covered by him as soon as collected into the State treasury; and so much thereof as may be necessary to defray the expenses incurred in the discharge of the duties imposed upon the Secretary of State, by virtue of any of the provisions of this act, shall be paid upon the warrant of the Auditor to the Secretary of State.

"The Secretary of State shall report to each session of the General Assembly a statement of the amount received from licenses, fees or penalties under this act, and the amount expended by him, and he shall be allowed for his services under this act the sum of one thousand dollars, to be paid to him in monthly installments upon the warrant of the Auditor."

April 6, 1893, "An act concerning the Secretary of State" was approved. Section 1 thereof is as follows: "Secretary of State shall be appointed by the Governor until the first Monday in January, one thousand eight hundred and ninety-six, and may be removed by the Governor at his pleasure. Until said date the Secretary and Assistant Secretary of State shall receive the fees and compensation now allowed by law. Thereafter the Secretary of State shall receive an annual salary of three thousand dollars, and the Assistant Secretary an annual salary of eighteen hundred dollars, payable in the same manner as the salary of the Governor, and no fees or perquisites."

July 1, 1893, was approved an act of the following title: "An act to amend an act, entitled 'An act providing for the creation and regulation of private corporations.'"

Various amendments were made by that act to the act of April 5, 1893. Section 271 was amended by a provision that banks and trust companies should pay for each report made to the Secretary of State, two dollars and fifty cents, and that such reports should be filed in the office of the Secretary of State, as other public documents. But section 272 was amended by simply striking out of that section the word "article," and inserting in lieu thereof the word "chapter;" but in every other respect section 272, as amended, read like the original section.

It is manifest that according to the language and meaning of section 1 of the act of April 6, 1893, it was intended that the Secretary of State, until the first Monday in January, 1896, should receive the fees and compensation then allowed by law, which included the sum of $1,000, which was provided for in section 272 of the act of April 5, 1893. But the intention is equally manifest that thereafter he should only receive an annual salary of $3,000, for the words "and no fees or perquisites" were evidently intended to exclude any other or additional compensation.

The act of April 5, 1893, though it did not become a law until day, by reason of the Governor failing to sign it, had evidently passed both houses several days previously, and was in the mind of the Legislature when the act of April 6, 1893, was passed.

The latter act was not intended, nor did it have the effect, to repeal, but simply to limit the operation of the former act to the first Monday in January, 1896, and the two acts could and did operate har-

moniously until that date. The only question, therefore, in this case, is whether the simple amendment of section 272 of the original act made by substituting the word "chapter" for "article," which was done by the act of July 1, 1893, had the effect, or was intended to have the effect, of prolonging the operation of said section beyond the first Monday in January, 1896. It could not have such effect without a repeal, either expressly or by implication, of section 1 of the act of April 6, 1893. That section was not repealed by the act of July 1, 1893, expressly; nor, there being no repugnancy between the two acts, was it repealed by implication.

It therefore results that the act of April 6, 1893, being still in force, appellant, having entered upon his duties as Secretary of State subsequently to that date, is entitled to no more or greater compensation for his services than $3,000.

Judgment is affirmed.