## PROHIBITION AGAINST KEEPING SALOONS OPEN DURING CERTAIN HOURS.

### Court of Appeals for Perry County.

### PETER DUNKLE v. VILLAGE OF JUNCTION CITY, OHIO.

#### Decided, October Term, 1913.

*Criminal Law—Ordinance Prescribing the Hours a Saloon May Remain Open—Can Not be Extended Beyond its Discriptive Terms—Remaining in Saloon After the Prohibited Hour to Count the Day's Receipts Not an Offense—Intention of the Ordinance to Limit the Hours for Continuance of the Business.*

1. Conviction can not be had under an ordinance, intended to prohibit the keeping of any saloon open between the hours of 10 P. M. and 5 A. M., where there is no designation of place in the ordinance to which its provisions apply.

2. The purpose of such an ordinance must be held to be to prohibit a continuance of the business of the saloon between the hours named, and conviction can not be had of a saloon keeper, who closed his saloon before 10 P. M., but remained in the saloon with his bar keeper for twenty-five minutes after 10 for the purpose of counting the receipts of the day.

*T. B. Williams,* for plaintiff in error.
*J. W. Dugan,* contra.

By the Court. (Voorhees, Powell and Shields, JJ.).

On the 21st day of April, 1913, complaint in writing was made before the mayor of the incorporated village of Junction City, in said county, that the plaintiff in error on or about the 19th day of April, 1913, being then the keeper and owner of a saloon in said village and county, did unlawfully keep open and permit his saloon to be open between the hours of 10 o'clock p. m. and 5 o'clock a. m., for the period of twenty-five minutes after 10 o'clock p. m., to-wit, until 10:25 p. m., contrary to the provisions of a certain ordinance of said village, the first section of which reads as follows:

"Section 1. That it shall be unlawful for any person being the owner, bartender, keeper, or having charge of any saloon, building, or other place wherein intoxicating liquors are sold at retail or exposed for sale at retail, to open, keep open between the hours of 10 o'clock p. m. and 5 o'clock a. m., provided that the provisions of this section shall not apply to the sale of intoxicating liquors by a regular druggist," etc.

Upon the foregoing complaint the plaintiff in error was arrested, tried and convicted of said alleged offense and sentenced by said mayor to pay a fine of thirty-five dollars and costs to all of which the plaintiff in error excepted. The case was taken to the common pleas court of said county on error, which said court affirmed the judgment of said mayor, and the case was brought into this court by a petition in error for review.

Said petition in error contains various assignments of error, but in our disposition of the case we will notice only such alleged errors as were urged upon our attention.

An examination of the ordinance on which this prosecution is based shows it to be somewhat vague and indefinite. While it provides that "it shall be unlawful for any person, being the owner, bartender, keeper or having in charge any saloon, building or other place wherein intoxicating liquors are sold at retail or exposed for sale at retail, to open, keep open between the hours of 10 p. m. and 5 a. m.," there appears to be no designation of place—in the ordinance to which its provisions are applicable. Criminal statutes as against one charged with an

offense are to be strictly construed. Speaking for the court
Judge Williams in the case of *State* v. *Myers*, 56 O. S., 350, says:

"Under that fundamental rule of strict construction appli-
cable to all penal law, a statute defining a crime can not be ex-
tended by construction to persons or things not within its de-
scriptive terms, though they may appear to be within the rea-
son and spirit of the statute. Persons can not be made sub-
ject to such statute by an implication. Only those transactions
are included in them which are within both this spirit and let-
ter; and all doubts in the interpretation of such statutes are
to be resolved in favor of the accused."

This rule of construction is alike applicable to both statutes
and ordinances. But assuming that the language in the ordi-
nance could be so construed as to harmonize with the evident in-
tent and purpose of the ordinance, and that which was intended
to be expressed therein is implied, how stands the case with
reference to the other ground of error insisted upon by the
plaintiff in error, namely, that there was a failure of proof
upon the part of said village before the mayor to sustain a con-
viction of the plaintiff in error? It appears that the bill of ex-
ceptions is in the nature of an agreed statement of facts, which,
among other things, contains the following: "That the de-
fendant is a saloon keeper in said village; that on the night
alleged in the affidavit the plaintiff, who is the owner and
proprietor of said saloon, and his bartender, put out of the
saloon all persons immediately before 10 o'clock, and at 10
o'clock P. M. *locked the doors* of said saloon. That after locking
said doors the defendant and bartender went to his cash regis-
ter to count the receipts of the day and that he remained in said
saloon, with his bartender, for about twenty-five minutes after
10 o'clock P. M., for the purpose aforesaid, before they came out
of said saloon; and it is agreed that the ordinance attached is
a true copy of the ordinance under which the defendant was
arrested and which ordinance is to be considered as part of this
bill of exceptions; that no other persons were in the saloon ex-
cept the said defendant and bartender."

It is conceded that the plaintiff in error before 10 o'clock on
the night in question "put out" all persons in his saloon, and

at 10 o'clock locked the doors of his saloon, and that no person or persons were allowed to enter his saloon thereafter and before 5 o'clock the following morning. But it is claimed that after so closing his saloon the plaintiff in error and his bartender remained in his saloon "to count the receipts of the day," and so remained about twenty-five minutes "before they came out of said saloon," and that this act of the plaintiff in error was in violation of the provisions of said ordinance. While it appears that the plaintiff in error was the owner and proprietor of said saloon, it does not appear that said saloon was not connected with the building in which he resided, and if it was, and he went from his saloon into his residence, it would scarcely be claimed that going from his saloon into his residence would be such a "keeping open" as to fall within the purview of said ordinance. But the real charge here is that the plaintiff in error and his bartender remained in the saloon after 10 o'clock P. M. to count the cash, after the doors of the saloon were locked and kept locked. It does not appear whether there were or were not any lights in the room, the inference being however that there was at least one light. But whatever the number of lights, was the sole fact of the plaintiff in error and his bartender remaining in the saloon for the time and for the purpose indicated, after 10 o'clock P. M., an offense within the intent and meaning of said ordinance? Was it a keeping open of the saloon in contemplation of said ordinance? Or does the ordinance seek to punish those who would keep open the saloon after the hour named for the purpose of continuing their business? While the ordinance in effect amounts to a prohibition, it is in our judgment a prohibition intended to operate against carrying on the business after a stated hour.

For the reasons stated, we think that the mayor erred in overruling the motion of the plaintiff below to dismiss said case, and the court of common pleas likewise erred in affirming the judgment of the mayor. The judgment of the mayor and that of the court of common pleas will therefore be reversed, and it is ordered that the plaintiff in error be discharged from further custody.