## Lewis, Secretary of State v. Coleman, Auditor.

(Decided February 28, 1930.)

MORRIS & JONES, L. FRANK JOHNSON and W. V. EATON for appellant.

J. W. CAMMACK, Attorney General, and CLIFFORD E. SMITH, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This suit was brought under the Declaratory Judgment Act (section 639a-1 et seq., Civil Code of Practice) for the purpose of having the court declare the rights of the parties, who are, respectively, secretary of state and auditor of public accounts of Kentucky, relative to the salary of the former,

The question sharply presented is: Was section 878 of the Kentucky Statutes, Carroll's 1915 Edition, repealed by chapter 144 of the Acts of the General Assembly of 1918, now article 7 of chapter 32, Kentucky Statutes, being sections 854 to 878a, inclusive?

The plaintiff, Miss Ella Lewis, was elected to the office of secretary of state at the general election on November 7, 1927, and duly qualified on January 2, 1928. In her petition she alleged that:

"Since January 1, 1916, each secretary of state of the commonwealth of Kentucky has been paid and has received a salary of $4,000.00 per annum as such officer, having been paid said sum under the provisions of Section 4540, Kentucky Statutes, Carroll's 1922 Edition, and under an Act of the General Assembly of 1912, known as Section 878 of Kentucky Statutes, Carroll's 1915 edition.

"Plaintiff claims that it is now contended by the defendant, Clell Coleman, as Auditor of Public Accounts of the Commonwealth of Kentucky, that said Section 878 of Carroll's 1915 Edition, Kentucky Statutes, was repealed by Chapter 144 of the Acts of

the General Assembly of the Commonwealth of Kentucky of 1918, and that by reason thereof the said defendant is claiming that plaintiff is only entitled to a salary of $3,000.00 per annum in lieu of all fees and perquisites, and will refuse to issue his warrant as Auditor of Public Accounts of the Commonwealth of Kentucky for plaintiff's salary, except on the basis of $3,000.00 per annum, or $250.00 per month.

"Plaintiff states that it is her contention that the General Assembly of the Commonwealth of Kentucky did not intend to and did not repeal said Section 878 of Carroll's 1915 Edition of Kentucky Statutes by said Chapter 144 of the Acts of the General Assembly of 1918, and that she is entitled to receive in addition to the $3,000.00 per annum, provided by Section 4540 of Carroll's Kentucky Statutes, the sum of $1,000.00 per annum under the provisions of Section 878 of said Carroll's 1915 Edition of Kentucky Statutes."

A demurrer was filed to the petition, and the cause was submitted on the pleadings. The lower court sustained the demurrer, and adjudged that the salary of the secretary of state is $3,000 per annum, and dismissed plaintiff's petition, and she has appealed.

Section 878, Kentucky Statutes, 1915 Edition, which was an act of the General Assembly of 1912, Acts of 1912, c. 92, p. 262, reads as follows: "All fees collected by the Secretary of State under this chapter shall be covered by him as soon as collected into the State Treasury; and the Secretary of State is hereby allowed the sum of ten thousand dollars annually, out of any money in the State Treasury not otherwise appropriated, to enable him to employ and pay such clerks as he may deem necessary for the proper discharge of the business of his office, to be paid monthly as other salaries, upon the warrant of the Auditor. The Secretary of State shall report to each session of the General Assembly a statement of the amount received from licenses, fees or penalties under this act, and the amount expended by him, and he shall be allowed for his services under this act the sum of one thousand dollars, to be paid to him in monthly installments upon the warrant of the Auditor."

On April 5, 1893, an act was passed entitled: "An Act to amend an act, entitled 'An act providing for the

creation and regulation of private corporations.' "
Chapter 243 of the Acts of the General Assembly of 1893.
Section 272 of the act provided that the secretary of
state should "be allowed for his services under this act
the sum of one thousand dollars, to be paid to him in
monthly installments upon the warrant of the Auditor."
On April 6, 1893, the General Assembly enacted what is
now section 4540, Kentucky Statutes, providing that
from and after January 1, 1896, the annual salary of the
secretary of state should be $3,000 in lieu of all fees and.
perquisites. In Finley v. Stone, 106 Ky. 856, 48 S. W. 428,
21 Ky. Law Rep. 38, it was held that section 272 of chap-
ter 243 of the Acts of 1893 was inoperative after January
1, 1896, and that the secretary of state was entitled only
to the salary provided by section 4540, Kentucky Stat-
utes, namely, $3,000 per annum. In McChesney v.
Hager, 104 S. W. 714, 715, 31 Ky. Law Rep. 1038, decided
December 11, 1907, the construction of these two acts was
again before this court, and, while the soundness of the
opinion in Finley v. Stone was questioned, that opinion
was followed, the court saying: "But we do not feel dis-
posed to overrule the opinion of this court in the case
(Finley v. Stone), supra. Since that case was handed
down, there have been four regular sessions of the Legis-
lature, and if the construction given to these statutes was
not the one intended by the legislative department, it is
fair to assume that the statute would have been so
amended as to make effective the purpose of the Legis-
lature in the enactment of these laws, and give to the Sec-
retary of State the additional salary now insisted upon."

Section 272 of chapter 243 of the Acts of 1893 was
carried in the 1903 and 1909 Editions of Kentucky Stat-
utes as section 878. In 1912 the General Assembly
passed an act, heretofore set out, entitled: "An Act to
amend and re-enact Section 878 of the Kentucky Stat-
utes, which is a part of Article 7, of an Act of April 5th,
1893, entitled 'Corporations, Private.' " Acts of 1912,
c. 92, p. 261. The 1912 act was section 878, Kentucky
Statutes, Carroll's 1915 Edition, and is the section which
appellant claims entitles her to $1,000 annually during
her term of office, in addition to the $3,000 salary pro-
vided for in section 4540, Kentucky Statutes.

In 1918 the General Assembly passed an act entitled:
"An Act to amend Sections 854 to 878 both inclusive of
the Kentucky Statutes of 1915 compiled by the Hon.
John D. Carroll and to regulate the organization, incor-

poration, operation and management of building and loan associations, creating the Department of Building and Loan Associations in the office of the Banking Commissioner and providing for the appointment of examiners and prescribing their duties and for the examination of all building and loan associations organized and doing business under the laws of this Commonwealth.'' Acts of 1918, c. 144. Section 1 of this act reads: ''That Sections 854 to 878 both inclusive, of the Kentucky Statutes of 1915 compiled by the Hon. John D. Carroll be amended by striking out the whole thereof of said sections and in lieu thereof, there shall be inserted the following, so that said sections as amended shall read as follows.'' The sections of this amendatory act were numbered 854 to 878a, inclusive. Section 878 is merely an emergency clause, and 878a is the repealing clause. Section 878, as it appears in the 1915 Edition of the Statutes, was wholly omitted from the 1918 act.

From this resume of the of the history of section 878 as it appeared in the 1915 Edition of the Statutes, it appears that the subject covered by that section had nothing to do with and was independent of the subject covered by sections 854 to 877, inclusive, of that compilation. These last-named sections dealt with building and loan associations, their organization, supervision, and regulation, while section 878, which had been incorporated in the same article by the compiler of the Statutes, made no reference to building and loan associations, but prescribed certain duties to be performed by the secretary of state under the whole of chapter 32 which deals with corporations of every character in addition to building and loan associations, and fixed the compensation for the services performed by him. In addition, it allowed the secretary of state the sum of $10,000 annually to enable him to employ and pay such clerks as he might deem necessary for the proper discharge of the business of his office. The compensation fixed for the secretary of state was not for duties imposed on him by article 7, but for duties imposed by chapter 32, which are extreme and onerous. Therefore, when the act of 1918 purported to deal by its title and in its body not only with sections 854 to 877, both inclusive, but also with section 878, it is obvious that it undertook to deal with two independent and unrelated subjects. This section 51 of the Constitution forbids. That section reads: ''No law enacted by the general assembly shall relate to more than one sub-

ject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.''

This section of our Constitution was applied in the City of Owensboro v. Hazel, 229 Ky. 752, 17 S. W. (2d) 1031, where we said that, under section 51 of the Constitution, the subject of an act must be single, though the details of that subject may be legion so long as they are all germane and relate to the same subject. We there held an act dealing with more than one subject unconstitutional because it violated this section 51 of our organic law.

However, it is true, as stated in the Hazel case, supra, that, although the act of 1918 now under discussion be multiple, yet, if it may be dissolved into its constituent parts and these separated from each other and one eliminated without defeating the legislative intention, that part should be stricken and the rest allowed to stand. That the purpose of the Legislature by this act of 1918 was to deal solely with the incorporation and regulation of building and loan associations is apparent from a reading of the act itself. Except for the passing reference in section 1 of the act to section 878 of the Statutes of the 1915 Compilation, there is absolutely nothing in the act but what bears on building and loan associations. Section 878, as the act of 1918 says it is to read, is an emergency clause, and states the reasons for the emergency entirely in terms of the need of regulation of building and loan associations. It does not refer even remotely to what was contained in the old section 878. Section 878a of the Act of 1918 by its terms repeals only such laws as were in conflict with the provisions of the act of 1918, but there was nothing in the old section 878 that did conflict with any of the provisions of the act of 1918. Did section 1, by providing that section 878, along with the other sections from 854 to 877, should be amended by striking it out along with the rest of these sections, and by inserting in lieu thereof provisions that followed, indicate any legislative intent other than as outlined above?

We fully recognize the rule as stated in Aldridge v. Commonwealth, 192 Ky. 215, 232 S. W. 619, that although in its legal phraseology ''amendment'' is not synonymous with ''repeal,'' it does not follow that an

"amendment" of a statute may not be accomplished by repeals of some of its parts; such change or alteration made by the amendment being direct and not consequential, as in the case of a repeal. But old section 878 had nothing to do with sections 854 to 877, inclusive, and its repeal could not aid in any way the amendment of those sections. Therefore it cannot be said that, in order to accomplish its purpose with reference to the amendment of the law regarding building and loan associations, the Legislature intended or wished to repeal old section 878 or that the repeal of that section fell within the purview of the amendment of sections 854 to 877. This being so, we are left to the statement in the act that old section 878 is to be amended by striking it out and substituting something in lieu thereof without anything being actually substituted for it. The dominant intent of regulating building and loan associations being in the legislative mind, and there being a failure to provide any substitute for section 878 which was stricken out as the act said there would be, it follows that the striking out of the old section 878 may be eliminated from the 1918 act without defeating the legislative intention regarding that act, and, when so done, as it should be, the act of 1918 affects only sections 854 to 877, and does not violate section 51 of the Constitution.

It follows from what we have said that section 878 of the Statutes, 1915 Edition, was not repealed by the act of 1918, and the lower court erred in so holding. Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.

Whole court sitting.

### CONCURRING OPINION BY JUDGE CLAY.

By its title, the act of 1918 purports "to amend sections 854 to 878 both inclusive of the Kentucky Statutes of 1915," etc. Acts 1918, c. 144. In the body of the act these sections are amended by striking out the whole thereof, "and in lieu thereof, there shall be inserted the following, so that said sections as amended shall read as follows." Instead of re-enacting section 878, an emergency clause was inserted in its place. Manifestly, if the amendatory act had purported to amend only section 878, Kentucky Statutes, no one would contend for a moment that that section could be repealed by striking it out and enacting nothing in lieu thereof except an

emergency clause. If that be the rule with respect to one section, there can be no doubt that the same rule applies where the act purports to amend several particular sections. The reason for the rule is this: The title to an act must be a true index of what the act contains. If the body of the act is broader than the title, it is invalid to that extent. The word "amend" is not broad enough to embrace a repeal, and the only way that a particular section of the Statutes may be repealed under a title to amend is to put in its place something new by way of legislation bearing on the subject. Clearly, an emergency clause which is no part of the legislation intended is not sufficient to meet the requirements of the rule. It follows that section 878, Kentucky Statutes, was not repealed by the act of 1918.

I am authorized to say that Judge WILLIS concurs in this view of the question.