**H. S. GEORGE, dba George's Self Service Liquor, U.S. Highway 68, Appellant,**

v.

**ALCOHOLIC BEVERAGE CONTROL BOARD of the Commonwealth of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

Mark E. Gormley, Versailles, for appellant.

John D. Darnell, Frankfort, for appellees.

DAVIS, Commissioner.

The Alcoholic Beverage Control Board (hereafter ABC) ordered a five-day suspension of the retail beer license and retail package liquor license held by H. S. George, dba George's Self Service Liquor, U. S. Highway 68, Lebanon. The suspension was ordered for George's charged violation of KRS 244.290 which proscribes permitting licensed premises to remain open for any purpose "* * * at any time during the twenty-four hours of a Sunday * * *." Pursuant to KRS 243.560, George appealed to the Franklin Circuit Court which affirmed the order of the Board, and he now prosecutes this appeal as provided by KRS 243.590.

At the hearing before the Board, two ABC agents testified that on a Sunday morning they observed the licensed premises of George between 9 and 10:15 A.M. The agents recounted that they saw George unlock the premises from the inside and "let out" a man who drove away in a car; then George came outside through the front door, locked it, and carrying what appeared to be a cigar box and a bottle of liquor, got into an automobile. George drove around the licensed premises building and picked up a man who had been standing behind the building and drove away. About twenty minutes later, George returned alone and entered the premises. Before entering the building, he was seen to beckon a man who was seated in an automobile near the premises. The beckoned man drove his car around to the west side of the liquor store and went in the store. While he was inside with George, another car was driven to the premises, and the driver of it alighted and went in the store. Each of the individuals who had gone in were seen to come from the premises carrying a sack containing a box or package. Just at this time a city-owned truck was parked near the store, and its driver entered the premises. About two minutes thereafter another car carrying six persons stopped by the store, and one of the occupants of it entered the store. At this

time the two ABC agents went in the licensed premises and identified themselves. While they were there, a soldier came to the front door of the building and was informed by George "* * * that he couldn't let him have anything." The soldier gave George a traffic citation, apparently with the hope that George could "fix it."

George admitted that he had opened the premises and sold some ice and some peanut-butter crackers as well as some cigars. George denied having sold any alcoholic beverage, and there was no direct evidence that he did sell any.

■ The appellant calls attention to City of Frankfort v. Triplett, Ky., 365 S.W.2d 328, and Hamilton v. International Union of Operating Engineers, Ky., 262 S.W.2d 695, in support of the proposition that a statute must not be interpreted so as to bring about an absurd or unreasonable result. We agree that the proposition is a sound one.

■ Appellant cites City of Louisville v. Helman, Ky., 253 S.W.2d 598, as holding that the court should look behind the strict wording of a statute to ascertain the purpose of the statute and the mischief it is designed to remedy. We acknowledge this principle as correct.

■ Appellant relies upon Thompson v. Commonwealth, Ky., 107 S.W. 223, 32 Ky.Law.Rep. 714; Dunkle v. Village of Junction City, 2 Ohio App. 473; and Richardson v. State, 3 Ga.App. 313, 59 S.E. 916, in support of his contention that George's activities were not within the purview of KRS 244.290. Without undertaking an analysis of the foreign cases cited, we call attention to Thompson v. Commonwealth, just mentioned, and note that it is readily distinguishable from the case at bar. In Thompson, a saloon keeper at Springfield entered his saloon alone on election day for the purpose of procuring his own registration certificate to enable him to vote. No other person entered the premises, and the door was locked while the sa-

loon keeper was in it. Such is not the case before us. It is our view that opening the premises on Sunday "for any purpose" as denounced by KRS 244.290 includes the activities of George as proven in this record. The obvious purpose of the statute is to insure that licensed premises are not open for business on Sunday, unless the alcoholic beverages are in a locked department as permitted by KRS 244.290. The purpose and enforcement of the statute would be frustrated by making the law inapplicable in situations similar to the one at bar. The appellant failed to demonstrate any impelling necessity for his own entrance upon the premises so as to make applicable the principles expressed in Thompson v. Commonwealth, Ky., 107 S.W. 223, 32 Ky.Law.Rep. 714. So far from the Board's decision leading to an absurd or unreasonable result, we think the construction urged by appellant would lead to such a result. We have no doubt that the purpose of the statute was to get at the very type of situation presented here. The Board had abundant evidence to support its findings, and the findings will not be disturbed on appeal in such circumstances.

The judgment is affirmed.

All concur.