**E. P. GRIGSBY et al., Appellants,**

**v.**

**BOARD OF EDUCATION OF FLOYD COUNTY, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 20, 1970.

Rehearing Denied May 15, 1970.

Paul E. Hayes, Joe Hobson, Prestonsburg, for appellants.

W. W. Burchett, Prestonsburg, for appellees.

DAVIS, Commissioner.

The Board of Education of Floyd County made application to the Water Pollution Control Commission, KRS 224.030(1), for approval of a sewage-disposal system to be used in connection with a public school to be constructed in Floyd County and known as the Eastern Consolidated High School situated on the waters of Right Beaver Creek. The appellants, officials and citizens of Martin, a city in Floyd County, duly filed a protest asserting that the plant should not be built because it would pollute the stream furnishing the public water supply for Martin. After a hearing, the commission overruled the protest and granted the permission to construct the plant. The protestants appealed to the Franklin Circuit Court where the action of the commission was affirmed. The present appeal challenges that ruling of the circuit court.

The hearing officer for the commission ruled at the commencement of the

hearing that the burden of proof lay upon the protestants, the present appellants. That ruling is challenged as basis for reversal, but we find no merit in the challenge. In Jacobs v. Alcoholic Beverage Control Board, Ky., 299 S.W.2d 613, this court specifically held that the matter of assignment of the burden of proof at a hearing before an administrative board was not a matter of such significance as would warrant reversal of the board's ruling on that account alone. The rationale of that decision controls here. Significantly, the appellants called witnesses as if on cross-examination who would have been presented as witnesses in behalf of the appellees, so that all phases of the matter were placed in evidence before the commission.

■  The appellants point to various aspects of the evidence which would have sustained a finding by the commission that the proposed plant will be inadequate and unsatisfactory. Without detailing these elements in the testimony, it suffices to note that there was countervailing proof including unequivocal statements from qualified experts to the effect that the plant, as designed and projected, will adequately serve the purpose for which it is intended and no pollution will result. It follows that the circuit court correctly affirmed the order of the commission as being based upon substantive evidence of probative value. Board of Education of Ashland School District v. Chattin, Ky., 376 S.W.2d 693; George v. Alcoholic Beverage Control Board, Ky., 421 S.W.2d 569.

■  The only judicial review of the actions of the Water Pollution Control Commission is provided by KRS 224.080(6) which states: "All orders of determinations of the commission shall be subject to review by a court of competent jurisdiction." We regard the scope of judicial review as limited to an inquiry as to whether the action of the commission was arbitrary, capricious, or unreasonable. Since we conclude that the commission's order was sup-

ported by substantial evidence, it follows that the order may not be characterized as arbitrary, capricious, or unreasonable.

The judgment is affirmed.

All concur.