POLICEMEN'S AND FIREMEN'S RETIREMENT FUND OF the CITY OF PADUCAH, Kentucky, et al., Movants,

v.

Tommy ROTHROCK, et al., Respondents.

Supreme Court of Kentucky.

Nov. 3, 1981.

Rehearing Denied Jan. 12, 1982.

W. David Denton, Thomas J. Keuler, James W. Utter, Paducah, for movants.

Craig W. Housman, Williams, Housman & Sparks, Paducah, for respondents.

STEPHENSON, Justice.

The trial court entered judgment in favor of the respondents, construing KRS 95.859 and KRS 95.862 to increase pensions retroactively. The Court of Appeals affirmed with one judge dissenting. We granted discretionary review and reverse.

The respondents comprise three groups: (1) former policemen and firemen who retired after July 1, 1956, but before June 21, 1974, on the basis of age or length of service; (2) former policemen and firemen who retired after July 1, 1956, but before June 21, 1974, on the basis of physical disability; and (3) former policemen and firemen, or their widows, who retired prior to July 1, 1956, for any reason. All the respondents are receiving benefits from the Paducah Policemen's and Firemen's Benefit Fund.

The statutes which govern the fund are those applicable to second-class cities, KRS 95.851 to KRS 95.991 first enacted in 1956 with an effective date of July 1, 1956.

As enacted in 1956, KRS 95.859 provided in part:

> The rate of retirement annuity shall be two and one-half per cent (2½%) of average salary, as defined in KRS 95.851(m) for each year of total service up to and including twenty (20) years, one per cent (1%) of average salary for each of the next five (5) years of total service, one-half per cent (½%) of average salary for each year of total service after twenty-five (25) years, subject to a maximum of sixty per cent (60%) of average salary.

In 1972 KRS 95.859 was amended to include:

> ... Provided, however, that no retiree, or his surviving widow, whether he retired before or after June 16, 1972, under this Section shall receive a pension of less than one hundred dollars ($100.00) a month and when social security benefits are increased the minimum shall be increased by a like amount, provided that the increase shall not exceed five per cent (5%).

In 1974 KRS 95.859 was amended to provide an increased rate for retirement as follows:

> The rate of retirement annuity shall be two and one-half per cent (2½%) of average salary, as defined in KRS 95.851(m), for each year of total service up to and including thirty (30) years, subject to a maximum of seventy-five (75%) per cent of average salary.

As enacted in 1956, KRS 95.862 provided:

> In the event a total and permanent occupational disability occurs, the member

shall receive an annuity equal to sixty per cent (60%) of his last rate of salary. This benefit shall begin at such time as his salary may cease, and shall be paid during his entire lifetime. Upon his death, his eligible widow and minor children, if any, shall receive the benefits as provided under KRS 95.860.

In 1974 KRS 95.862 was amended to increase disability rates as follows:

(1) In the event a total and permanent occupational disability occurs, the member shall receive an annuity equal to seventy per cent (70%) of his last rate of salary."

We have set out the statutes and amendments in full for the reason the trial court found that the legislature intended the benefits were to be retroactive and applicable to the three categories of respondents here. A majority of the Court of Appeals' panel affirmed on this basis. Both the trial court and the Court of Appeals relied heavily on *Board of Trustees of Policemen's Pension Fund v. Schupp*, 233 Ky. 269, 3 S.W.2d 606 (1928). We have examined *Schupp* and are of the opinion that whatever validity it possessed is no longer applicable. *Schupp* involved construction of a 1926 amendment to section 2872a8 Kentucky Statutes, first enacted in 1910 pertaining to disability or widows' benefits in the then pension plan for police departments in first-class cities.

The dollar increases in the 1926 amendment were given retroactive effect. As expressed in the Court of Appeals' dissent: "*Schupp* has no application to the present case. Whatever the legislature may have intended when it enacted a statute in 1926 is not relevant to the question of what the legislature intended when it enacted a different statute many years later."

The statutes here enacted first in 1956 contained a completely new scheme for policemen and firemen's pensions. In addition a part of this pension plan contained another section, KRS 95.879, enacted in 1956, which in part provides:

Any service retirement annuity, disability retirement annuity, or any other annuity provided herein shall be payable in equal monthly installments as life annuities, and *shall not be increased,* decreased, revoked or repealed, except for error, or *except where specifically otherwise provided.* (Emphasis added.)

In addition to this limiting statute within the same chapter as the sections here, the legislature has expressed a general principle in KRS 446.080(3): "No statute shall be construed to be retroactive unless expressly so declared."

The 1972 amendment to KRS 95.859 above expressly made the minimum pension retroactive to 1956, but expressly limited it to this time by the reference "under this Section". Other than that instance there is no language in the statutes expressly making them retroactive; thus, we are of the opinion the plain language of the statutes has prospective effect only.

The opinion of the Court of Appeals and the judgment of the trial court are reversed with direction to the trial court that the respondents' complaint be dismissed.

PALMORE, C. J., and AKER, LUKOWSKY, STEPHENS, STEPHENSON and STERNBERG, JJ., concur.

CLAYTON, J., dissents.

CLAYTON, Justice, dissenting.

The specific question we decide today is whether the statutory amendments increasing pensions apply to all retired or disabled policemen and firemen who became eligible between July 1, 1956, and June 21, 1974, or only to those who became pensioners after the effective date of the 1974 amendments. I find ample support for the conclusion reached by the circuit court and Court of Appeals that the increases apply equally to those who retired before the amendments took effect.

In determining the meaning and scope of any statute the courts are vested with the duty and power to interpret it so as to carry out the intent and purpose of the entire act. *Kentucky Region Eight v. Commonwealth,* Ky., 507 S.W.2d 489 (1974). In so performing this task, the courts may take into

consideration the evil which the statute was intended to remedy as well as other facts and circumstances under which the legislation was enacted. *Brown v. Hoblitzell*, Ky., 307 S.W.2d 739 (1958); *City of Owensboro v. Noffsinger*, Ky., 280 S.W.2d 517 (1955).

The underlying purpose of the policemen's and firemen's pension act is set out in KRS 95.853:

> The purpose of this fund is to provide retirement annuities and disability benefits for the members of the Police and Fire Departments ... to the end that such members may accumulate reserves for themselves and their dependents to meet, without prejudice or hardship, the hazards of old age, disability, death, and termination of service ....

In order to further the general purpose of any statute, KRS 446.080(1) dictates that "all statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature." The policy underlying the pension act requires no elaboration.

The pertinent legislation establishing pensions for policemen and firemen was first enacted in 1956. This series of statutes was amended in 1972 and 1974 to increase the maximum retirement annuity from 60% to 75% of average salary. The amendments were enacted during a period in which economic inflation was beginning to make itself felt by everyone. The pensioners were no exception. Under circumstances rendering it more and more difficult to live on a fixed income the legislature reacted to the problem in a realistic fashion. The increases in the retirement and disability annuities were both a response to the steadily increasing cost of living as well as a means of achieving the purpose of the statute. To deny the increased benefits to those persons who retired or became disabled before the effective date of the amendments offends the spirit of the act and contravenes its purpose. The statutes in question should not be interpreted so as to bring about such an unjust result. *See George v. Alcoholic Beverage Control Board*, Ky., 421 S.W.2d 569 (1967).

Another change reflected in the 1974 amendments provides for an automatic cost-of-living adjustment. The express language makes the adjustment applicable only to those persons who retired after the effective date of the amendments. KRS 95.859. Similar wording limiting the percentage pension increases to that same class of persons, however, is absent. The percentage and cost-of-living increases are contained in the same paragraph of the statute. I see no reason to believe that the legislature did not intend a difference in the application of the two provisions. Had the General Assembly wanted to restrict the percentage increases to those persons retiring after the effective date of the amendments, they would have expressly done so as with the cost-of-living adjustment. The words employed in the statute leave little doubt that the legislative intent was to include movants in the class eligible for the percentage pension increase.

Perhaps the controlling factor in the resolution of the case at bar is *stare decisis*. In *Board of Trustees of Policemen's Pension Fund v. Schupp*, 223 Ky. 269, 3 S.W.2d 606 (1928), this court decided the question of whether policemen who were currently receiving pensions were entitled to an increase in those pensions enacted subsequent to their retirement. The court answered the question in the affirmative stating:

> Does this act apply only to those who are placed upon the pension rolls after it became effective, or does it apply to Schupp and others who were already upon the pension rolls at the time of its enactment? ... it follows that Schupp and those similarly situated are entitled to receive or be paid their pensions from and after the time that this amendment became effective ... at the rate provided in the amendment.

Id. at 611.

I see little, if any, difference between *Schupp*, supra, and the case presently before the court. The legislature is presumed to be cognizant of the judicial interpretations of statutes. *Cook v. Ward*, Ky., 381 S.W.2d 169 (1964); *City of Mayfield v.*

**580**

*Reed,* 278 Ky. 5, 127 S.W.2d 847 (1939). Had the General Assembly intended to overrule the result reached in *Schupp* it would have used more direct language in which to do so. I would affirm the decision of the Court of Appeals and the judgment of the trial court.