**TRAVELERS INSURANCE COMPANY, Appellant,**

v.

**Shelby BOWLING and Nancy Bowling, Appellees.**

**No. 90–CA–1598–S.**

Court of Appeals of Kentucky.

April 5, 1991.

Tommie L. Weatherly, London, John F. Faust, Jr., Hazard, for appellant.

Richard Hay, William M. Thompson, Somerset, for appellees.

Before CLAYTON, HOWERTON and McDONALD, JJ.

HOWERTON, Judge.

Travelers Insurance Company appeals from a summary judgment of the Pulaski Circuit Court dismissing its subrogation claim against Shelby and Nancy Bowling. Both sides agreed that there were no genuine issues of material fact and that the legal issue would be determined by an interpretation of KRS 304.39–310(2). We conclude that the trial court misapplied the statute and granted judgment to the wrong party. We reverse.

On or about June 15, 1988, the Bowlings purchased a 1978 Datsun 510 automobile. On June 15, they applied for insurance at the Cumberland Area Insurance Company. A proof of insurance certificate was issued, indicating that a policy was pending, and on the basis of this "proof," the vehicle was licensed to the Bowlings. The Bowlings elected to make quarterly payments for their insurance coverage and paid the first payment in June and a second payment on September 19, 1988.

On October 21, 1988, the Bowlings allowed Robert Logan to borrow the Datsun. Logan was involved in a one-vehicle accident resulting in his death. The fact is that the local insurance agent had pocketed the Bowlings' premium payments, and no insurance policy was ever issued to them. Logan was entitled to basic reparation benefits under the Motor Vehicle Reparations Act, and since none of the parties had rejected no-fault insurance, the claim for $10,000 was submitted to the Kentucky Assigned Claims Bureau. Travelers Insurance Company was eventually required to make a $10,000 payment to Logan's widow for the no-fault benefits. On February 1, 1990, Travelers filed this action seeking subrogation for the $10,000 from the Bowlings.

KRS 304.39–310(2) reads as follows:

*An owner* or registrant *of a motor vehicle* with respect to which security is required under KRS 304.39–110, *who fails to have such security when the motor vehicle is involved in an accident shall have all the* rights and *obligations of a reparation obligor, and any other reparation obligor which has paid* or may become obligated to pay *basic* or added *reparation benefits to an injured person under* a basic or added reparation contract or under *the terms of the assigned claims plan shall be subrogated to the rights of the injured person against such owner* or registrant. (Emphasis added.)

The trial court ruled in favor of the Bowlings for two reasons. The last part of the statute provides, in essence, that a reparation obligor (Travelers) which has paid or is obligated to pay basic reparation benefits under the terms of the assigned claims plan "shall be subrogated to the rights of the injured person against such owner or registrant." The court determined that Travelers could only assert against the Bowlings what rights Robert Logan or his estate had against the Bowlings, and that Logan had no claim against the Bowlings. The trial court also determined that Travelers could not collect from the Bowlings because they did not "fail to have such security." The court reasoned that the term "failed to have such security" is not synonymous with not having security. We disagree with both points as applied to this set of facts.

Although the Bowlings may have done almost all any insurance purchaser would reasonably be expected to do, they nevertheless failed to provide the required security. They simply did not obtain the required coverage from an insurance carrier. Since an owner or registrant of a motor vehicle is absolutely required to provide security under KRS 304.39–110, when basic reparation benefits are not rejected, they are technically liable for these benefits. The owner of the motor vehicle, in this case

the Bowlings, may not have been liable to Logan or his estate on a tort basis, but they were responsible for providing this insurance, which they failed to do. We believe that the purpose of the no-fault legislation was to require all owners and registrants of motor vehicles to provide insurance, including basic reparation benefits, unless specifically rejected. KRS 304.-39–010.

We would certainly rule this way in a situation where the owner or registrant made no effort to buy the required insurance or let the insurance lapse for nonpayment. Here, the Bowlings made an effort to buy the insurance, but they failed to actually acquire it. We would reach a different result if a vehicle owner actually obtained a proper insurance policy from a legitimate provider which was unable to pay the claim due to insolvency.

■ This is a most unusual factual situation, and the question is who should bear this burden. The truth is that in this situation, neither party should ultimately have to bear the loss. Travelers Insurance Company was required to pay by merely being a member of the assigned pool. The Bowlings did what they would reasonably be expected to do to provide the required insurance. The real culprit is the agent who failed to purchase a policy with the premium he had received from the Bowlings. As an agent for the company he was allegedly representing, even that company might be the one to ultimately pay, if the agent is unable to pay. The Bowlings should have joined the local agent and/or his company as a third-party defendant in this action. It certainly was not the obligation of Travelers to join these unknown and indirectly-involved parties. If the liability is now placed on the Bowlings, they may make their own claim against the ones who actually created this problem.

The summary judgment of the Pulaski Circuit Court is reversed with directions to enter summary judgment in favor of Travelers Insurance Company. On remand, the court may reopen the case to allow the

Bowlings a reasonable time to join any appropriate parties.

All concur.