George ESTES, Appellant/Movant,

v.

COMMONWEALTH of Kentucky, Appellee/Respondent.

No. 96–SC–750–DG.

Supreme Court of Kentucky.

Oct. 2, 1997.

James Paul Brannon, Paris, for Appellant.

A.B. Chandler, III, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for Appellee.

STEPHENS, Chief Justice.

On January 10, 1995, appellant, George Estes, was cited under KRS 304.99–060 for operating a motor vehicle which was not covered by insurance. Appellant was not the owner of the automobile. On April 3, 1995, appellant entered a conditional guilty plea to the no insurance charge and was sentenced to ninety (90) days in jail, thirty (30) days to serve with sixty (60) days probated for two years, and fined $1,000.

Appellant appealed to the Nicholas Circuit Court which ultimately reversed his conviction. The court held that without amendment to the substantive section of the statute, KRS 304.39–080, to include operators as well as owners, the amendment to the penalty section of the statute, KRS 304.99–060, could not be used to hold an operator liable for driving an uninsured motor vehicle.

The Court of Appeals granted discretionary review and on July 26, 1996, rendered a split decision reversing the Nicholas Circuit Court and reinstating appellant's conviction. Specifically, the Court of Appeals held: "In construing the statutes [KRS 304.39–080 and 304.99–060] together to hold that a non-owner operator can be charged with failure to maintain proper insurance, both statutes are given effect and the legislative purpose [as evidenced in KRS 304.39.010(1) ] is satisfied." The court further held that the statutory scheme did not violate appellant's constitutional rights to due process and freedom from arbitrary treatment because when read as a whole, Chapter 304 places motorists on fair notice that it is illegal to operate an uninsured motor vehicle.

We subsequently granted discretionary review to determine whether a non-owner, operator of a motor vehicle can be assessed criminal penalties because the motor vehicle being driven is uninsured. After careful review of KRS 304.39–080 and KRS 304.99–060, we find that the operator cannot.

■ The substantive section of Subtitle 39, KRS 304.39–080(5), specifically states:

Except for entities described in subsections (3) and (4), every *owner* of a motor vehicle registered in this Commonwealth or operated in the Commonwealth by him or with his permission, shall continuously provide with respect to the motor vehicle while it is either present or registered in this Commonwealth and any other person may provide with respect to any motor vehicle, by a contract of insurance or by qualifying as a self-insurer, security for the payment of basic reparation benefits in accordance with this subtitle and security for payment of tort liabilities, arising from maintenance or use of the motor vehicle.

*Id.* (emphasis added). Nevertheless, the real problem lies in the legislature's amendment on July 15, 1994, to the penalty section of Subtitle 39, KRS 304.99–060, which provides in pertinent part:

(1) The *owner or operator* of any vehicle who fails to have in full force and effect the security required by Subtitle 39 of this chapter shall:

(a) Be fined not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000), or sentenced to not more than ninety (90) days in jail, or both. . . .

*Id.* (emphasis added). Basically, the amended language of KRS 304.99–060(1) appears to apply certain penalties to "owners" as well as "operators" of motor vehicles, while the substantive provision setting forth the offense in KRS 304.39–080, remains unchanged and only applies to "owners."

For the Court of Appeals interpretation to work, KRS 304.99–060 must be construed as both substantive and penal. KRS 500.020(1) specifically states that "no act or omission shall constitute a criminal offense unless designated a crime or violation under this Code or another statute of this state." Moreover, KRS 501.050(2) allows the imposition of absolute liability only when the legislature clearly intends it.

It is clear in the case at bar that KRS 304.99–060 does not designate a substantive offense, but merely states the penalty for the violation of an offense already designated in Subtitle 39. While we agree with the Court of Appeals and the Commonwealth that the amendment to KRS 304.99–060 effectively brings operators of motor vehicles into the purview of that statute, this Court fails to

find that the amendment of a penalty provision can serve to create a substantive offense, when one did not previously exist as to operators.

Moreover, the Court of Appeals determined that when read as a whole, Chapter 304 serves to put an operator on notice that he or she could be held liable for operating an uninsured motor vehicle. We disagree.

The United States Supreme Court determined in *Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), that the imposition of absolute liability on an operator of a motor vehicle where he does not have some knowledge element is unconstitutional as a criminal penalty cannot be applied if a person has no knowledge of a duty owed. In examining Chapter 304 we find that KRS 304.39–080(8) expressly states that any person other than an owner "may" provide with respect to any motor vehicle the coverage required by the section. Clearly, this is permissive language and does not form a basis for charging anyone with responsibility other than the owner of the vehicle. In addition, KRS 304.99–060(4) also states, "Upon expiration of the minimum six (6) month policy period, the court shall order the vehicle *owner* to appear before it to verify renewal of the security required by Subtitle 39 . . . ." (emphasis added). KRS 304.99–060(5) goes on to provide that the failure to appear before the court shall result in suspension of the vehicle owner's operator's license.

If the amendment to KRS 304.99–060 was intended to place a burden on operators to also maintain insurance on motor vehicles, then why is only the owner required to come forward to verify renewal of the insurance? Moreover, if the owner does not so appear or so provide, does the period of conditional discharge set out in KRS 304.39–060(3), if it is afforded to an operator, get revoked pursuant to KRS 304.39–060(7) even though the operator may have done everything he was required to do? While the legislature may have intended to criminalize the conduct of a non-owner operator of a motor vehicle not covered by insurance, it obviously failed to draft the statutes clearly enough for this Court to find such an interpretation. If the legislature wanted to put the primary burden

for providing insurance on the owner of the motor vehicle and the secondary burden on the non-owner operator, then it should have specifically said so in the substantive provision, KRS 304.39–080. Consequently, this Court cannot uphold a decision which applies KRS 304.39–080 not only to owners, but also to operators of uninsured motor vehicles.

■ Furthermore, the Court of Appeals ultimately resorted to a rule of statutory construction to conclude that both KRS 304.99–060 and KRS 304.39–080 should be interpreted so as to give both statutes effect. *Ledford v. Faulkner,* Ky., 661 S.W.2d 475, 476 (1983); *Brown v. Hoblitzell,* Ky., 307 S.W.2d 739, 744 (1956). We believe this rationale is tenuous, at best, based upon our assertion in *Musselman v. Commonwealth,* Ky., 705 S.W.2d 476, 478 (1986), that: "The statute must be tested on the basis of what is said rather than what might have been said." Moreover, this Court has continuously upheld the rule that statutes should not be interpreted so as to bring about absurd or unreasonable results. *Porter v. Commonwealth,* Ky., 841 S.W.2d 166 (1992); *Speers v. Commonwealth,* Ky., 828 S.W.2d 638 (1992); *Louisville v. Stock Yards Bank & Trust Co.,* Ky., 843 S.W.2d 327 (1992); *George v. Alcoholic Beverage Control Board,* Ky., 421 S.W.2d 569 (1967).

To interpret KRS 304.39–080 to apply to owners as well as operators would create the necessity for every licensed driver in Kentucky to obtain liability insurance even though he or she may not own an automobile. This Court does not interpret the mandatory insurance scheme in this state as placing such an onerous burden upon its citizens. All that the scheme requires is that every *automobile* be covered by insurance, not that every *individual* who drives an automobile be insured. *Travelers Ins. Co. v. Bowling,* Ky.App., 806 S.W.2d 40 (1991). Even the Commonwealth asserts in its brief that the overriding purpose of the Motor Vehicle Reparations Act, Subtitle 39, is: "to make sure that every motor vehicle operated in this state is covered by insurance." This is evidenced by the fact that the law requires proof of insurance upon a vehicle before licensing, but not upon an individual before

obtaining a driver's license. To interpret KRS 304.39–080 as applying to operators of motor vehicles would require that persons borrowing cars inquire about and presumably obtain proof of insurance from the owner prior to operating the vehicle. Such an interpretation would clearly create an impractical, unreasonable and absurd result and, thus, cannot be upheld.

Therefore, because KRS 304.99–060 refers to the requirements of Subtitle 39, and because the substantive provision, KRS 304.39–080, only requires *owners* to provide insurance for their motor vehicles, we determine that the amended penalties in KRS 304.99–060 cannot apply to non-owner operators. If the legislature had wanted to amend the substantive provision, KRS 304.39–080, to encompass "owners" and "operators", it could have done so in a clear manner. It did not. Consequently, we reverse the decision of the Court of Appeals and reinstate the decision of the Nicholas Circuit Court dismissing appellant's conviction.

COOPER, GRAVES, JOHNSTONE and STUMBO, JJ., concur.

COOPER, J., files a separate concurring opinion.

LAMBERT, J., dissents by separate dissenting opinion.

WINTERSHEIMER, J., joins this dissenting opinion.

COOPER, Justice, concurring.

I do not share the majority's view that it would be an "onerous burden" to require a licensed, but uninsured, driver to refrain from operating uninsured vehicles. However, I agree that the legislature has yet to impose that restriction on uninsured drivers.

There can be no penalty if there is no crime. The 1994 amendment of KRS 304.99–060(1) purports to impose criminal penalties on an "operator of any vehicle who fails to have in full force and effect the security required by Subtitle 39 of this chapter...." Subtitle 39 of chapter 304, specifically KRS 304.39–080(5), only requires an "*owner* of a motor vehicle registered in this Commonwealth or operated in this Commonwealth *by*

*him or with his permission*" (emphasis added) to provide security (insurance) for basic reparation benefits and tort liability "arising from maintenance or use of the motor vehicle." Subtitle 39 contains no provision requiring an operator to provide security for a vehicle which he does not own. Perhaps the amendment was intended to conform the penalty statute to the "or operated by him" language in KRS 304.39–080(5). But if the intent was to penalize an operator for violating a statute which imposes no obligation on him, it is a nullity.

A crime was committed, but the wrong person was charged. The culpable party under our statute was the owner of the vehicle, not its operator.

LAMBERT, Justice, dissenting.

In matters of statutory construction it is the duty of courts to ascertain and give effect to the intent of the Legislative Branch. *Beckham v. Board of Education,* Ky., 873 S.W.2d 575 (1994). In determining legislative intent it is proper to consider "the evil the law was intended to remedy. In determining whether a conflict exists between sections of a statute, a practical result must be found." *Beach v. Commonwealth,* Ky., 927 S.W.2d 826, 828 (1996). We are commanded by KRS 446.080(1) as follows:

> All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature, and the rule that statutes in derogation of the common law are to be strictly construed shall not apply to the statutes of this state.

In 1994 the General Assembly amended KRS 304.99–060 and provided criminal penalties for "[t]he owner or operator of any vehicle who fails to have in full force and effect the security required by Subtitle 39 of this chapter...." The amended version of the penalty statute is entirely consistent with KRS 304.39–010(1) which declares as a statutory purpose "To require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance...." There could be no rational reason for the General Assembly to have so amended KRS 304.99–

**705**

060 adding operators of motor vehicles to the penalty provision, but an intent to impose criminal penalties upon operators as well as owners of uninsured motor vehicles. The failure of the General Assembly to have corrected KRS 304.39–080(5) to achieve consistency with its other amendment can only be explained by inadvertence.

If there was any doubt as to legislative intent or fair notice under the statute, I would join the majority. However, my review of the relevant statutes and our decision in *Commonwealth v. Foley,* Ky., 798 S.W.2d 947 (1990), leads me to the conclusion that legislative intent is clear and that fair notice has been given. Moreover, it is not unduly onerous to require one who drives a non-owned vehicle to ascertain from the owner whether there is in effect a policy of liability insurance. If such a person fails to correctly ascertain the insured status of the vehicle, he should not escape responsibility for his failure to have become so informed.

Mandatory liability insurance is a matter of fundamental public policy in Kentucky. It addresses "the evil" of financially irresponsible persons operating motor vehicles on the public highways. *Beach v. Commonwealth, supra. Crenshaw v. Weinberg,* Ky., 805 S.W.2d 129 (1991); *Fann v. McGuffey,* Ky., 534 S.W.2d 770 (1975). This Court has frequently refused to enforce policy provisions which invalidated required coverage. *Bishop v. Allstate Ins. Co.,* Ky., 623 S.W.2d 865 (1981); *Beacon Ins. Co. v. State Farm Mutual Ins. Co.,* Ky., 795 S.W.2d 62 (1990). We should zealously enforce this recognized public policy and impose criminal sanctions upon persons who operate uninsured motor vehicles as provided in KRS 304.99–060.

WINTERSHEIMER, J., joins this dissenting opinion.