**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Ashley M. BLAKELY, Appellee.**

**No. 2006–SC–000313–CL.**

Supreme Court of Kentucky.

May 24, 2007.

David A. Sexton, Special Assistant Attorney General, Assistant Jefferson County Attorney, Louisville, KY, Attorney for the Appellant.

Grant M. Helman, Stuart A. Scherer, Smith & Helman, Louisville, KY, Attorneys for the Appellee.

*CERTIFYING THE LAW*

Opinion of the Court by Justice SCOTT.

The Commonwealth, pursuant to CR 76.37(10), petitions this Court for a certification of the law regarding KRS Chapter 304. Due to the General Assembly's amendments to Chapter 304 in 2005, we are once again presented with the question of whether a non-owner operator of a motor vehicle can be assessed criminal penalties because the motor vehicle being driven is uninsured. The 2005 amendments to Chapter 304 primarily affected the penalty provisions of the statute. These amendments included the addition of a new sub-

section, KRS 304.99–060(2)[1], which set forth the penalty for a person who drives a motor vehicle without insurance. Another added subsection, KRS 304.99–060(3),[2] stated that if the person operating the motor vehicle was also the owner, then he could be subject to the penalties outlined in both the first and second subsections. The General Assembly also made changes to the definition of habitual violator under this statute to include operating a motor vehicle several times without insurance.[3] The only change to the substantive provision of Chapter 304, KRS 304.39–080, was to attach criminal liability to an owner of an uninsured vehicle who permits another person to drive the car.[4]

■ After reviewing the relevant statutes and case law, we find that the 2005 amendments do not create criminal penalties that may be assessed against a non-owner operator of a motor vehicle that is uninsured.

This is not the first time that this Court has dealt with this issue. In *Estes v. Commonwealth*, 952 S.W.2d 701 (Ky.1997), this Court held that the General Assem-

bly's 1994 revisions to KRS Chapter 304 were inadequate to create criminal liability for non-owner operators of uninsured motor vehicles. Important to this determination was the fact that the substantive provision of Subtitle 39, KRS 304.39–080, did not include language to indicate that the General Assembly intended to attach criminal liability upon a non-owner operator of an uninsured car. *Estes*, 952 S.W.2d at 702. While the penalty section, KRS 304.99–060, had been amended to include punishment for either an *owner or operator*, this Court was unwilling to recognize the creation of a crime without specific language in the substantive section. *Estes*, 952 S.W.2d at 702. "If the legislature had wanted to amend the substantive provision, KRS 304.39–080, to encompass 'owners' and 'operators,' it could have done so in a clear manner. It did not." *Id.* at 704.

Since *Estes* was decided, the General Assembly twice amended the substantive provision, KRS 304.39–080, without addressing the concerns expressed in *Estes*.[5] Because the General Assembly was aware

---

1. The full language of the 2005 version of KRS 304.99–060(2) is as follows: "A person who operates a motor vehicle without security on the motor vehicle as required by Subtitle 39 of this chapter shall: a) Be fined not less than five hundred dollars ($500) nor more than one thousand dollars ($1,000) or sentenced to not more than ninety (90) days in jail, or both; and b) For the second and each subsequent offense within any five (5) year period, have his operator's license revoked in accordance with KRS 186.560, and may be sentenced to not more than one hundred eighty (180) days in jail or fined not less than one thousand dollars ($1,000) nor more than two thousand five hundred dollars ($2,500), or both."

2. The 2005 version of KRS 304.99–060(3) states: "If the person who operates a motor vehicle without security on the motor vehicle as required by Subtitle 39 of this chapter is also the owner of the motor vehicle, the per-

son shall be subject to penalties under both subsection (1) and subsection (2) of this section."

3. The definition for habitual violator according to KRS 186.570(1)(k) is: "For purposes of this section, a 'habitual violator' shall mean any person who has operated a motor vehicle without security on the motor vehicle as required by Subtitle 39 of this chapter three (3) or more times within a five (5) year period, in violation of KRS 304.99–060(2)."

4. The new language of KRS 304.39–080(5) is: "An owner who permits another person to operate a motor vehicle without security on the motor vehicle as required by this subtitle shall be subject to the penalties in KRS 304.99–060."

5. These amendments occurred in 1998 and 2005.

of the deficiencies of the statute and did not take action to solve them, we must presume that *Estes* controls this case. *See Butler v. Groce,* 880 S.W.2d 547, 549 (Ky. 1994) *Quoting Long v. Smith,* 281 Ky. 512, 136 S.W.2d 789 (1940). ("If the legislators intended to depart from the existing statutory interpretation, it is incumbent that they use 'plain and unmistakable language' which leaves no doubt that a departure from the prior interpretation is intended.") Thus, the amendments made in 2005 do not adequately demonstrate that the General Assembly wanted to change the statutory interpretation of KRS Chapter 304.

Even more importantly, the General Assembly in 2007 passed revisions to KRS 304.39–080 that do comply with *Estes.* This revision adds the words "or operator" to KRS 304.39–080(5) and can only be considered an acknowledgement that the prior amendments did not satisfy *Estes.*

Although *Estes* has sometimes been questioned, *stare decisis* is important and prior precedent will only be overturned if there are sound reasons to do so. *Gilbert v. Barkes,* 987 S.W.2d 772, 776 (Ky.1999). Finding no such reasons, we find that KRS Chapter 304 does not attach criminal liability upon a non-owner operator of an uninsured vehicle.

All sitting. All concur.